T.C. Summary Opinion 2003-105

UNITED STATES TAX COURT

FRANK PLANKO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9248-01S.                    Filed July 25, 2003.

Frank Planko, pro se.

<u>Wendy D. Gardner</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,190 in petitioner's Federal income tax for the taxable year 1998.  The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions; and (2) whether petitioner is entitled to head of household status.

Some of the facts in this case have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner lived in Brick, New Jersey.

Petitioner was married to Mary O'Hara (Ms. O'Hara) in 1986. Petitioner and Ms. O'Hara had two children during the marriage: Thomas Planko and Michael Planko (collectively, the children). Petitioner and Ms. O'Hara were separated in 1990 and were divorced under a decree of divorce on June 16, 1995.

Pursuant to an order filed on April 14, 1997, in the Superior Court of New Jersey, Chancery Division-Family Part, petitioner and Ms. O'Hara were granted joint legal custody of the children.  The detailed order provides that all major decisions concerning the children's health, education, safety, and welfare are to be made jointly.  However, there is no provision in the custody order dealing with the dependency exemption deductions.

The order granted physical custody of the children to petitioner every Tuesday beginning at the end of the school day or as soon thereafter as possible and continuing until Thursday

morning when the children are returned to school.  Petitioner was granted physical custody of the children on alternate weekends from Friday at the end of the school day or as soon thereafter as possible until Monday morning when the children are returned to school.  Ms. O'Hara was granted physical custody of the children during alternate weekends and during the week when petitioner did not have custody.

During times when school was not in session, petitioner's weekend custody ran from Friday at 5:00 p.m. until Monday at 8:00 a.m., at which time the children were to be returned to Ms. O'Hara.  During these times, Ms. O'Hara has physical custody from Monday at 8:00 a.m. until Tuesday at 5:00 p.m. and from Thursday at 8:00 a.m. until Friday at 5:00 p.m.  Petitioner was responsible for all pickups and drop offs of the children in accordance with the custody schedule.

The custody order was in effect during the entire 1998 tax year.  There was no multiple support agreement in effect during the year at issue.  Petitioner did not file Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, with his 1998 tax return.

Petitioner and Ms. O'Hara lived apart at all times during the year at issue.  Combined, petitioner and Ms. O'Hara provided more than half of the support for the children in 1998.

Petitioner claimed two dependency exemption deductions and

head of household status on his 1998 tax return. In the notice of deficiency, respondent disallowed the dependency exemption deductions because petitioner failed to establish that he had physical custody of the children for the greater part of the year. Respondent also disallowed the head of household status because petitioner failed to establish that he maintained a home for himself and a qualifying dependent for more than 6 months during 1998.

We decide the deficiency issues in this case on the basis of the evidence in the record without regard to the burden of proof. Accordingly, we need not decide whether section 7491(a)(1) is applicable in this case. See <u>Higbee v. Commissioner</u>, 116 T.C. 438 (2001).

<u>Dependency Exemptions</u>

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent of the taxpayer. Section 152(a)(1) defines the term "dependent" to include a taxpayer's child, provided that more than half of the child's support was received from the taxpayer during the calendar year. However, special rules apply in the case of a child of divorced parents. See sec. 152(e).

Pursuant to section 152(e)(1), if a child receives more than half of his support during the calendar year from divorced parents, and such child is in the custody of one or both parents

for more than one-half of the calendar year, then such child is treated for purposes of section 152(a) as receiving more than half his support from the parent having custody for a greater portion of the calendar year.

For purposes of section 152(e), custody is determined by the terms of the most recent divorce or custody decree. Sec. 1.152-4(b), Income Tax Regs. However, in the event of split or joint custody, or if no decree establishes custody, custody will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year. Id. The custody determination under section 152(e) applies regardless of which parent actually provided the support. See sec. 152(e)(1).

For purposes of section 152(e), the parent having custody for a greater portion of the calendar year is referred to as the "custodial parent", and the term "noncustodial parent" means the parent who is not the custodial parent.

There are three exceptions to the support test determined in section 152(e)(1). Under these exceptions, the noncustodial parent is treated as providing over half of a child's support if: (1) Pursuant to section 152(e)(2), the custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for

the taxable year; (2) pursuant to section 152(e)(3), there is a multiple support agreement between the parties as provided in section 152(c); or (3) pursuant to section 152(e)(4), there is a qualified pre-1985 instrument providing that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, provided that certain other requisites, not pertinent here, are met.

The dispute in this case centers around which parent had physical custody of the children for a greater portion of 1998. Petitioner asserts that the children spent 183 nights in his home and 182 nights in Ms. O'Hara's home; therefore, he is the custodial parent. Respondent asserts that the children were in the physical custody of Ms. O'Hara for more time in 1998 than they were with petitioner; therefore, petitioner is the noncustodial parent.

The accuracy of petitioner's claim that the children spent more time with him because he had custody 183 nights is questionable. Petitioner's claim fails to distinguish between those days on which Ms. O'Hara had physical custody for the majority of the day, yet the children spent the night with petitioner. For instance, petitioner claimed all alternate Fridays as a full day of custody. However, when the children were not in school and petitioner picked the children up at 5:00 p.m. on Friday, petitioner would only have physical custody for 7

hours of the day, yet claim the entire day for himself.  Because the custody order provides for the custody to change at different times on different days, we determine physical custody in this case on a hourly basis.

Based on a calendar prepared by Ms. O'Hara and received into evidence at trial, respondent determined that during 1998 the children were in the physical custody of Ms. O'Hara for a minimum of 4,898 hours and in the physical custody of petitioner for a maximum of 3,862 hours.  The calendar follows very closely to the schedule in the custody order.  Both petitioner and Ms. O'Hara testified that the custody order was strictly followed.  We believe that the calendar accurately represents the custody of the children for 1998.

On brief, petitioner argues that the hours allotted to Ms. O'Hara are inflated because her hours contain time when the children were attending school.  Petitioner claims that while the children are in school they are not in the physical custody of either parent, but are in the joint legal custody of both parents.  Petitioner attached a monthly calendar to his brief, which, from the standpoint of the exact days and nights the children were in the custody of either parent, is essentially identical to the calendar prepared by Ms. O'Hara.  The calendars differ in that petitioner's calendar excludes the hours of each day that the children spent in school from the time allotted to

each parent's physical custody.  However, even excluding the hours when the children were in school, petitioner's calculations show that the children spent 3,672 hours in his physical custody and 3,704 hours in the physical custody of Ms. O'Hara.  Assuming we excluded the hours the children were in school, petitioner's own calculations still show that the children spent 32 more hours in the physical custody of Ms. O'Hara than they did with petitioner.

Petitioner dismisses the 32-hour difference as mathematically insignificant.  However, the Code draws no such distinctions and provides a bright line test.  The plain language of section 152(e)(1) provides that the "parent having custody for a greater portion of the calendar year" is the custodial parent, no matter how minimal the time difference may be.  Petitioner further argues on brief that the 32-hour differential is not accurate because the children often spent time with Ms. O'Hara's relatives while she was at work; therefore, the children actually spent more time in his physical custody than with Ms. O'Hara.  Petitioner presented no evidence at trial to support his allegation.  See Rule 143(b); Niedringhaus v. Commissioner, 99 T.C. 202, 214 n.7 (1992)(Statements in a brief that are not supported by testimony or documents at trial are not evidence.).

If we were to determine that the children are in the physical custody of a parent while attending school, the custody

order dictates that Ms. O'Hara would have substantially more hours per year of physical custody than would petitioner. However, we need not determine whether the children are in the physical custody of either parent while attending school because petitioner's hourly calendar, which is essentially identical to Ms. O'Hara's calendar except for the school issue, clearly establishes that the children spent more time in the physical custody of Ms. O'Hara. According to petitioner's own calendar, Ms. O'Hara maintained custody of the children for a greater portion of 1998, although by only the slightest margin. Accordingly, petitioner has failed to substantiate that he had physical custody of the children for a greater portion of 1998.

Since Ms. O'Hara had physical custody of the children for a greater portion of 1998 than did petitioner, she is the custodial parent, and petitioner is the noncustodial parent for purposes of section 152(e). Thus, petitioner is allowed the dependency exemption deductions only if one of the three exceptions in section 152(e) is met. However, none of the exceptions apply. Petitioner failed to attach a signed written declaration to his tax return, no multiple support agreement exists, and no qualified pre-1985 instrument exists. Therefore, petitioner is not entitled to a dependency exemption deduction for either of the children for the year at issue.

Head of Household Status

According to the relevant part of section 2(b), a taxpayer shall be considered a head of household if such individual (1) is not married at the close of the taxable year, and (2) maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a son or daughter of the taxpayer.  Sec. 2(b)(1)(A)(i).  Thus, petitioner must establish that the children lived in petitioner's home for more than 6 months in 1998.

Because we determined above that the children were not in the physical custody of petitioner for more than half of the year at issue, petitioner could not have maintained a household that was the children's principal place of abode for more than one-half of 1998.  Accordingly, petitioner is not entitled to the head of household filing status claimed for 1998.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.